We'll hear the final case on the calendar, Adams v. Simone. Ms. Adams Hi, Your Honor Good morning Good morning Okay, first I would like to thank the court for allowing me this opportunity to hear this case. As for Argument 1, I want to point out there was enough evidence at trial that proved Simone, Scott, and the West Haven Police Department violated my fourth amended right. Simone testified that he secured the scene by instructing the officers to go into my house, stationed two officers in the house, then him and two more officers went into my house. Scott detained me in my kitchen for approximately five hours without allowing me food or use of the bathroom and also because Simone and Scott were officers for the West Haven Police Department. Simone, Scott, and West Haven Police Department had limited authority to enter my house and detain me in my kitchen for approximately five hours prior to and after obtaining a search warrant. Your adversary says, as I understand it, that in your case that you didn't present evidence that Simone entered the house. Well, Simone in his testimony testified that he searched my house without a warrant. Yeah, the district court said that it decided before Simone testified and that it can't change that decision for anything that Simone said after, that that had already been settled. Now, that's a troublesome thing and I'm going to ask the government whether there was anything that you could have done after Simone testified to say, hey, the previous decision was wrong. That's the question because at the time the court ruled, Simone's testimony wasn't there and at that time there was no evidence that Simone entered the house or ordered people. That's my problem. I've got to find out whether we can look at what Simone said later or whether we're somehow barred from that. Okay, they dismissed Simone's case prematurely because in the trial court's charge to the jury, the judge said evidence is testimony of witnesses on both sides. Why shouldn't they have considered his testimony? You know, so it was, they dismissed him prematurely and they should have heard all the testimony before dismissing him. Especially, as I said, in light of the fact that Simone did testify that he searched my house without a search warrant, secured the scene by ordering Scott to detain me in the kitchen without food, water, use of bathroom. I mean, they could have at least, you know, have allowed bathroom use, but as I said, they dismissed it There were no exigent circumstances to justify their actions. There was no evidence that I had committed a crime, nor was there any form of hot pursuit. Simone had testified that witnesses informed him that my son, Hakeem, and another male met with me prior to getting in a Red Jaguar. However, none of these witnesses testified at trial. In any event, this by itself does not support any form of probable cause. And as I said, the court should not have dismissed the case prematurely against Simone without allowing the jury to consider all the evidence against all the defendants. Because Simone and myself specifically testified to all the events that occurred by Simone, by Simone, Scott, and the West Haven Police Department. This testimony is highlighted in my brief on pages 17, 18, 19, and 20, as well as the trial transcript I provided to the court. Also, I want to point out, the trial court denied me the jury selection transcript. So, it is impossible to prepare an appeal issue concerning jury bias, thereby denying effective appellate review. Thank you. You're welcome. Thank you. Thank you for your arguments. You're welcome. Mr. Tiernan, did you address Judge Calabresi's concern? Yes, Your Honor. Thank you. May it please the court. The problem, with all due respect, Your Honor, the problem with your concern is that I'm trying a case before Judge Underhill, and the burden is on the plaintiff. So if I get a favorable ruling on Officer Simone, then I can allow Officer Simone to testify. I don't have the burden to prove her case. So if I didn't get a fair- What I want to know is, once Simone got up in the last of the ninth, when he was ahead, and manages to make things the other way. I mean, what Simone said when he got there was evidence that he was involved. You won at the stage, at the end of the plaintiff's evidence, because there was no evidence there. Simone didn't need to get up there. I don't know why you put him there, but once he was there, there was evidence that he was involved. And what I want to know is, is there anything that a plaintiff could have done then to reopen the decision that was done before? A decision that, knowing what we know then, was later, was wrong, even though it was right when it was made. Well, I would argue no, and here's why. I don't think you can- I'm making a decision whether to have a witness testify. If the ruling's different, I don't have the witness testify. I don't- again, I don't have to provide evidence to prove her case. I understand that, but it is offensive, after somebody has ruled in your favor, to have somebody come in and say, ha ha ha, it doesn't matter, here's what I actually did. That is not something that one would want, and what I want to know is, is there something, through a Rule 60B, is there some way at that point that somebody can say, perhaps I hadn't proved my case then, but now, given what is in testimony, we can do something about it? Well, her trial attorney could have preserved the right after the ruling, could have taken an exception after the ruling and then re-raised it after Simone testified, that's true. Well, but at the time, at the end of plaintiff's testimony, there was no evidence that Simone was involved. So that simply going back and saying, I want to reconsider that, does no good. What I want to know is whether there is a procedure that allows, when subsequent testimony comes in, to reopen the previous decision. And the reason I want to know it in this particular case is because this is somebody who is pro se. So that if there is a procedure that a lawyer could have used, then the question is, do we do something about it when the person who does not have a lawyer and is not likely to know about a procedure that you yourself can't tell me about here in open court? He was represented by able counsel, many trials under his belt. She was assigned that trial attorney by the court. That trial attorney is well versed in how to proceed on the case, how the case . . . So in this case, was counsel below? Yes. Okay. He's referred to in the transcript. Sorry. At the trial level? At trial? At the trial, correct. Was Mr. Simone, was anybody deposed before trial? I deposed Ms. Adams. Other than . . . There were no . . . I'm not aware of any other depositions, no. However, I would point out to the court that Ms. Adams, Detective Puglia was found to be the one controlling the scene. I would see this as harmless error anyway. The jury had someone who controlled the scene. If her rights were violated . . . Yes, but the ruling by Judge Underhill was that there was no evidence that Simone was in any way involved. If instead, there was evidence that Simone ordered people in, then I don't see how you can say as a matter of law that Simone was not involved. It's possible that a jury would find that that involvement wasn't enough. If you had Simone's later testimony before, I don't see . . . I can't imagine that Judge Underhill would have ruled the way he did on that basis as a matter of law. Again, I may not have called Detective Simone at that moment if that ruling was different. Your point is you relied on the ruling . . . Correct. Use the rules to your advantage. Correct. Why did you put him on, if you'd already won? I didn't see that there was any harm in putting him on, and I think . . . How often do baseball teams play the last of the ninth when they're ahead? Well, I had a jury. I can't read their minds. I didn't know that I was necessarily ahead, and I had police officers . . . You had won on Simone. Well, I had won on Simone and therefore felt like I had no . . . there was no harm in putting him on. I felt good that I had won. I had prepared that argument. I had won that argument, and then there was no risk on putting Officer Simone on. Again, the burden is on the plaintiff, so I don't have to make the plaintiff's case for them. Yeah, but you see, this opens up a rather remarkable situation. Let's suppose there is some doubt as to whether Puglia did anything or Simone did anything, and there's some evidence brought in that Puglia did things and no evidence that Simone did. So you come in and you get a ruling in favor of Simone. Having gotten that ruling, you then bring in Simone, who says, I don't mean that that's what happened. I did the whole thing rather than Puglia. That's a rather extraordinary way to run a shop. With all due respect, Your Honor, I don't think that's what it says. No, no. I don't think that's what happened in this case, but the argument you are making would cause that to be a real possibility, and I don't see how we can be in a position to say, hey, that's great. That's lovely. Well, let's remember, there was an individual shot on the appellant's front lawn. The main suspect was her son. The officers came, secured the premises. I think that's the best way to do it. All of that is fine. That's beside the point of what was decided in that case, and it is now on appeal. There are lots of things that are being talked about, like West Haven and Scott, who have been dropped. There are lots of things that aren't here. This is the only point that is here, and I'm frankly puzzled by it. Well, then, I would say it is harmless error since the jury had Detective Puglia, who testified he had control of the scene. He was the superior officer on the scene, and he guided the officers. Officer Simone's back before Judge Arnold getting the search warrant. So, I would say the fallback position of that is it's harmless error if there is error. Thank you. Thank you. Thank you, Your Honor. Thank you. Thank you both for your arguments. The court will reserve decision. Clerk will adjourn court.